UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUIS MATTHEW CLEMENTS,

    Plaintiff,

v.                              Case No: 2:24-cv-483-JES-NPM

LEE COUNTY, FLORIDA,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (Doc. #18) filed on September 12, 2025. For the reasons set forth below, Plaintiff's objection is overruled, the Complaint is dismissed without prejudice, and Plaintiff may file an Amended Complaint.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). Even in the absence of an objection, the district judge reviews legal conclusions de novo. See Cooper-Houston v.

Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).  De novo review is required only if a party files "a proper, specific objection" to a factual finding contained in the magistrate judge's report and recommendation. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006).

**II.**

Louis Clements ("Clements") is a registered sex offender. He filed a Complaint on May 28, 2024 against the City of Fort Myers,[1] alleging that his rights under state and federal law were violated on May 23, 2024 when he was threatened with arrest by a Lee County Sherriff's deputy pursuant to Lee County's Child Safety Zone Ordinance ("the Ordinance")[2] at Rutenburg Park in Lee County, Florida.  Pertinent to this case, the Ordinance prohibits registered sexual offenders from being at public parks while children are present.  Lee Cnty., Fla., ORDINANCES ch. 19, art. 3, §§ 19-48, 19-51, 19-53 (2023).

---

[1] Lee County, Florida was added and Fort Myers, Florida was removed as a party on June 3, 2024.

[2] Clements refers to Ordinance 09-19 in his Complaint, which appears to have been a prior version of the Lee County Child Safety Zone Ordinance amended by ordinance 11-05 in 2011, and by ordinance 23-10 in 2023. Currently, the Ordinance is set forth under Article III of Chapter 19 of the Code of Ordinances of Lee County, Florida.

2

Clements told the deputy that he believed it was permissible for him to be at the park "in an adult-only" function. The deputy never issued an arrest. However, after Clements left the park, LCSO Sergeant Hurd called him and stated that sex offenders cannot be at a park when children are present and so the deputy should have arrested him. Sergeant Hurd further stated that he would "file a violation against this Ordinance," and that Clements could "bring his lawyer and fight it out in court." (Doc. #4, ¶ 15.)

On July 16, 2024, Judge Mizell found Clements financially eligible to proceed in forma pauperis, but did not review the sufficiency of the complaint pursuant to 28 U.S.C. § 1915. On August 26, 2025, Judge Mizell issued a Report and Recommendation recommending that the action be dismissed <u>without</u> prejudice (Doc. #15). Noting that an IFP case must be rejected where the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief[,]" 28 U.S.C. § 1915(e), the magistrate judge determined that (1) Clements failed to state a plausible federal claim under the First, Fifth, or Fourteenth Amendments pursuant to 42 U.S.C. § 1983, (2) that he failed to plead any plausible state law claims, and that (3) in any event, the Court lacked subject matter jurisdiction over Clements's

3

state law claims because no federal question remained in the action.  (Doc. #15, pp. 4-13.)

Plaintiff lodged his objections to the Report and Recommendation on September 12, 2025 (Doc. #18).  Local Rule 3.01(a) provides, in pertinent part, that "[a]n objection to a report and recommendation must not exceed ten pages." M.D. Fla. R. 3.01(a).  Plaintiff's objection fails to comply with Local Rule 3.01(a) because it is twenty-four pages long.  Plaintiff is placed on notice that objections which violate the Local Rule in the future may be overruled on that basis alone.

Clements does not object to the substance of the magistrate judge's report.  Instead, he asserts that the magistrate judge erred in his "recommendation of dismissal because amendment can cure the deficiencies."  (Doc. #18, p. 1.)  He attaches to his objection his proposed amended federal and state claims, respectively.

The magistrate judge correctly recommended that the action be dismissed *without prejudice* (Doc. #15, p. 14), which gives Plaintiff the ability to file an amended pleading.  "[A] dismissal without prejudice generally does not constitute an abuse of discretion because the affected party may simply re-file."  Johnson v. DuBose, 806 F. App'x 927, 928 (11th Cir. 2020).  There is no statute of limitations which would preclude

4

a re-filing, and no prejudice to Clements by the dismissal recommended by the magistrate judge.

Clements may or may not be able to state one or more plausible claims, but it is not necessary to make that determination at this time. To satisfy the requirements to proceed IFP, a complaint must contain, among other things, a short plain statement showing that the plaintiff is entitled to relief. 28 U.S.C. §1915(e). To state a claim, a complaint must allege sufficient facts that, if accepted as true, state a claim that is plausible on its face. <u>Govan v. United States Dep't of Veterans Affs.</u>, 787 F. App'x 599, 601 (11th Cir. 2019). In his report, the magistrate judge noted several pleading deficiencies in the then-operative complaint and concluded that Clements failed to state a claim as required by 28 U.S.C. §1915(e)(2)(B). Clements has the benefit of the magistrate judge's discussion of his claims, and the Court will give him the opportunity to file an amended complaint.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (Doc. #18) is **OVERRULED.**

2. The Report and Recommendation (Doc. #15) is **ADOPTED**, and the action is dismissed without prejudice.

3. Plaintiff may file an amended complaint within **twenty-one days** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___7th___ day of October 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

6