```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

LOUIS MATTHEW CLEMENTS,

        Plaintiff,

v.                                Case No:  2:24-cv-483-JES-NPM

LEE COUNTY, FLORIDA,

        Defendant.

---

## OPINION AND ORDER

This matter comes before the Court on review of Plaintiff's "Emergency Motion to Effectuate Service on Defendant and Issue a Declaration and Injunction" (Doc #21) filed on November 25, 2025.[1] In pertinent part, Plaintiff requests that the Court grant injunctive relief barring enforcement of Lee County's Child Safety Zone Ordinance, Lee Cnty., Fla., ORDINANCES ch. 19, art. 3, §§ 19-48, 19-51, 19-53 (2023).  (Id., p. 3.)

A party seeking injunctive relief must establish that "(1) he has a substantial likelihood of success on the merits, (2) he will suffer irreparable injury unless the injunction or stay issues,

---

[1] The Court addresses Plaintiff's motion in this Order only to the extent that he requests injunctive relief barring the enforcement of Lee County's Child Safety Zone Ordinance. Insofar as Plaintiff requests permission from the Court to effectuate service on Defendant Lee County, Florida, the Court leaves that decision within the discretion of Magistrate Judge Nicholas P. Mizell.

(3) the injunction or stay would not substantially harm the other litigant, and (4) if issued, the injunction or stay would not be adverse to the public interest." Barber v. Governor of Alabama, 73 F.4th 1306, 1317 (11th Cir. 2023), cert. denied sub nom. Barber v. Ivey, 143 S. Ct. 2545 (2023) (quoting Chavez v. Fla. SP Warden, 742 F.3d 1267, 1271, 1273 (11th Cir. 2014)). "A preliminary injunction is an 'extraordinary and drastic remedy,' and [Plaintiff] bears the 'burden of persuasion' to clearly establish all four of these prerequisites." Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (citation omitted). Plaintiff's Motion fails to plead any of the requisite elements for injunctive relief. Because such failure is fatal to Plaintiff's request for a preliminary injunction, it is apparent Plaintiff has not met his burden to issue the injunction.

Moreover, in an IFP case, a complaint that "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief" must be rejected. 28 U.S.C. § 1915. Because the Court has not yet determined whether the operative pleading in this case states a plausible claim for relief, Plaintiff's motion for injunctive relief is premature at this stage in the proceedings and the motion must be denied.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for Preliminary Injunction is **DENIED without prejudice.**

**DONE and ORDERED** at Fort Myers, Florida, this __26th__ day of November, 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies: Counsel of Record