# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**LOUIS MATTHEW CLEMENTS**,
    Plaintiff,

v.                                                                                             2:24-cv-483-JES-NPM

**LEE COUNTY, FLORIDA**,
    Defendant.

## ORDER

Pro se plaintiff Louis Matthew Clements requests permission to file papers via our CM/ECF system. But the system contains confidential and other sensitive information, so access is generally restricted. *See* Administrative Procedures for Electronic Filing (Aug. 1, 2025) for the United States District Court, Middle District of Florida.

Even incarcerated or civilly committed pro se parties routinely litigate their matters by mail. To present a colorable request for CM/ECF access, a pro se litigant must show "extenuating circumstances exist to justify waiving CM/ECF procedures." *Huminski v. Vermont*, No. 2:13-cv-692-FTM-29, 2014 WL 169848, *4 (M.D. Fla. Jan. 15, 2014); *see also McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (affirming denial of CM/ECF access for pro se litigant because there was "no good cause under the circumstances of the case to authorize his access"). At a minimum, this would include both financial and

physical barriers that make it extraordinarily difficult to acquire postage and submit envelopes to a mail carrier, and to otherwise deliver papers to the court.

The request would need to be verified (submitted under oath) and corroborated by affidavits from medical and other sources. Moreover, the applicant would need to demonstrate the absence of misuse of the judicial system by (1) identifying every state and federal case to which he or she is or was a pro se party; and (2) discussing the absence or presence of any adverse orders in those cases that dismissed any frivolous claims, dismissed any actions for failure to prosecute or to abide by court orders, or imposed any sanctions for such conduct such as a screening procedure before items would be accepted for filing. For failing to meet this standard, the motion for CM/ECF access (Doc. 22) is **DENIED**.

One more thing. Plaintiff's filings fail to comply with Federal Rule of Civil Procedure 11, which requires not only that "[e]very pleading . . . must be signed by . . . a party personally if the party is unrepresented, but also state the signer's address, *e-mail address*, and telephone number." Fed. R. Civ. P. 11(a) (emphasis added); *see Perez v. Onewest Bank*, 2014 WL 12873173, \*1 (M.D. Fla. Mar. 13, 2014) (finding that each of the plaintiffs must sign all filings with the court). Plaintiff's filings do not provide any e-mail address, and on this basis alone, we may strike them. So by **December 10, 2025**, plaintiff must provide his e-mail address, and in doing so, the court will send plaintiff all future orders and notices via e-mail. However, if plaintiff

fails to provide the court with the same, we will have no other choice but to strike his filings.

**ORDERED** on November 26, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge