UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUIS MATTHEW CLEMENTS,

Plaintiff,

Case No. 2:24-cv-483-KCD-NPM

v.

CITY OF FORT MYERS, LEE COUNTY, FLORIDA,

Defendants.
_______________________________/

**ORDER**

Louis Matthew Clements filed this civil rights lawsuit to challenge the constitutionality of a Lee County Ordinance. He also moved to proceed *in forma pauperis* ("IFP"). (Doc. 2.)[1] The IFP motion was granted as to the 28 U.S.C. § 1915(a) poverty requirement but denied as to the action's sufficiency under § 1915(e)(2). (Doc. 12.) Clements was directed to amend his complaint or face dismissal. (Doc. 19.) Clements has now filed an amended complaint (Doc. 27), but it remains deficient.

## I. Legal Standard

A complaint from a plaintiff proceeding *in forma pauperis* that "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief"

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

must be rejected under 28 U.S.C. § 1915(e)(2)(B). To satisfy § 1915(e) review, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3). A complaint needs enough facts to be facially plausible, which requires more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A proper pleading also provides fair notice to the defendants. *Id.* at 555. Put simply, the court must be able to draw a reasonable inference of liability against each defendant from the pleadings. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Pro se pleadings are construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

## II. Discussion

Clements is a registered sex offender. He alleges that on May 23, 2024, he was playing tennis with other adults at Rutenberg Park in Lee County,

Florida, when a Lee County Sheriff's deputy subjected him to harassment and threatened him with arrest for being at the park while children were present under Lee County's "Child Safety Zone Ordinance" ("the Ordinance"). Clements argues that Lee County's enforcement of the Ordinance violates his rights under state and federal law. He seeks a declaration from the court that the Ordinance is unconstitutional.

The amended complaint (Doc. 27) is a shotgun pleading. As mentioned, Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). And Rule 10(b) requires a plaintiff to "state [his] claims [ ] in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A shotgun pleading is a complaint that violates either [Rule] 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Shotgun pleadings are "flatly forbidden." *Id.* And courts have the "authority to dismiss a shotgun pleading on that basis alone." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

The Eleventh Circuit has identified four types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "a complaint that is replete with conclusory, vague, and

immaterial facts not obviously connected to any particular cause of action"; (3) "a complaint that does not separate each cause of action or claim for relief into a different count"; and (4) "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1324-25. What all four types have in common is "that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

Striking shotgun pleadings (or requiring a more definite statement) is necessary because "district courts have neither the manpower nor the time to sift through a morass of irrelevant facts in order to piece together" a plaintiff's claims. *Barmapov*, 986 F.3d at 1327-28.

Clements's amended complaint falls into at least one prohibited category—it "commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322-23. Clements improperly mixes and conjoins multiple legal theories and claims within his declaratory judgment count. There, he mentions preemption, conflicts with state law, substantive due process, equal protection, First Amendment, and state law. (Doc. 27 at 51.) Clements may not "cram multiple, distinct theories

of liability into one claim" because each theory "is a separate cause of action that must be asserted independently and with corresponding supporting factual allegations." *Ortiz v. Carnival Corp.*, No. 20-cv-24838, 2020 WL 6945958, at *1 (S.D. Fla. Nov. 25, 2020). As a result, Clement's complaint is a shotgun pleading, and Defendants cannot be expected to frame a responsive pleading.

Finally, since Clements has already been allowed to amend under § 1915, this action is dismissed with prejudice. To proceed otherwise "would result in waste of scarce [public] resources and would only serve as an incentive to further abuses." *McKenna v. Obama*, No. 3:15CV335/MCR/CJK, 2016 WL 5213940, at *2 (N.D. Fla. Aug. 19, 2016).

It is thus **ORDERED**:

Plaintiff's amended complaint (Doc. 27) is **DISMISSED WITH PREJUDICE**. The Clerk is directed to enter judgment, terminate any pending motions, and close the file.

**ORDERED** in Fort Myers, Florida on August 21, 2026.

Kyle C. Dudek
United States District Judge